UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CURTIS,                                           :

        Plaintiff,                        :        ORDER

        -against-                        :        07 Civ. 8588 (CS)(LMS)

ALLSTATE INSURANCE COMPANY,    :

        Defendant.                        :

----------------------------------------------------------------x

      Defendant has sent to the Court a letter dated August 5, 2008, in which Defendant objects to Plaintiff's document requests. Plaintiff has responded by letter dated August 6, 2008. The Clerk is directed to file copies of those letters in this case.

      Plaintiff's document demands are overbroad. His claim is that he was retaliated against in March of 2006 because Defendant, after inviting Plaintiff to apply for a job, failed to hire him because Defendant learned that he had previously filed a charge of race discrimination with the New York State division of Human Rights. Accordingly, the document demands are limited as follows:

      The following documents, including electronically stored information such as emails, are to be produced to plaintiff for the period from January 1, 2004, up to and including July 31, 2006:

1. Documents to, from, created by, and in the possession of the Human Resources department of Defendant relating to Plaintiff;

2. Documents to, from, created by, and in the possession of Mr. Perkins pertaining to Plaintiff;

3. Documents evidencing any complaints of race discrimination, and any complaints of retaliation, and any complaints of both race discrimination and retaliation, by R3000 applicants in Westchester County, New York;

4. Documents to, from, created by, and in the possession of Mr. Castricone pertaining to Plaintiff;

5. Documents to, from, created by, and in the possession of Ms. Jeanette Beard pertaining to Plaintiff;

6. Documents about Defendant being an Equal Opportunity Employer with percentage of the breakdown of black people as Allstate Agents regionally;

7. With regard to the documents produced in response to 3. above, if not already provided, provide the name of the complainant, the case title and case number if a formal complaint was filed with any agency or court, information about the result of any such complaint, and a copy of any complaints so filed;

8. Documents evidencing replacement of policies (New York State Regulation 60) by any R3000 agent in Westchester County, New York, and, if available, documents evidencing the race of such agent(s);

9. Documents evidencing R3000 agents in Westchester County, New York, their race, and their locations;

10. Documents evidencing the race of R3000 applicants in Westchester County, New York, as well as the date of interview, the name of the interviewer, and the date of the job offer or rejection;

11. Documents about Defendants' Affirmative Action Policy in New York, New

        Jersey, and Connecticut;

12. Documents evidencing complaints about and discipline imposed on Ro Katrack, Daniel Castricone, and Mr. Perkins, in connection with interviewing, hiring, and supervising R3000 applicants and appointees;

13. Objection to this demand is sustained as overbroad and not relevant;

14. Objection to this demand is sustained as not relevant;

15. Documents relating in any way to Plaintiff, and to Plaintiff's applications for employment in 2004 and 2006.

Defendant's counsel refers to the possibility that privilege and work product protection may be invoked with regard to certain of the documents responsive to the categories set forth above. Defendant is reminded of its obligation to produce to Plaintiff a timely and complete privilege log for any withheld documents, including the type of document, the date of creation of the document, the author(s) of the document, the recipient(s) of the document, the subject matter of the document, and the relationship of the author(s) and recipient(s) to Defendant. Counsel are reminded that such production by way of privilege log also applies to email chains and other electronically stored information. Plaintiff is reminded that upon review of any such log, Plaintiff may contest a claim of privilege, if in good faith Plaintiff believes that privilege may not apply. Any dispute over the application of privilege must be submitted to the Court. If the Court finds that any party is not proceeding in good faith, then sanctions may be imposed.

This constitutes the Decision and Order of this Court.

Dated: August 13, 2008
White Plains, New York

SO ORDERED

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York