UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CURTIS,                                            :

       Plaintiff,                          :           ORDER

      -against-                            :           07 Civ. 8588 (CS)[1](LMS)

ALLSTATE INSURANCE COMPANY,         :

       Defendant.                          :

------------------------------------------------------------x

    Plaintiff has sent to the Court a letter dated July 28, 2008, in which he seeks to have his disability accommodated by the Court for purposes of his pursuing this case. The Clerk is directed to file a copy of that letter in this case. Plaintiff bases his request on his "documented disability." Letter dated July 28, 2008 at p. 1. The Court is aware that Plaintiff has conceded that he has been receiving Social Security disability benefits for a mental and psychological impairment which, it would appear, is now referred to by Plaintiff as his "documented disability." Additionally, by letter dated August 5, 2008, Plaintiff has produced an undated letter from Dr. Shankar Perumal on letterhead of The Neurosciences Institute, which purports to reflect Plaintiff's "documented disability." A check of the website listed on the letterhead reveals that The Neurosciences Institute is associated with Albany Medical Center, and that Dr. Perumal is not currently listed on its staff. An internet search reveals that he was a member of the "Neurology Housestaff" at the Institute in 2006-2007. Dr. Perumal's letter says that "we diagnosed [Plaintiff] with static encephalopathy, or an early injury to his brain that has caused

---

[1] It should be noted that this case was reassigned to the Honorable Cathy Seibel on August 5, 2008.

continued cognitive impairment, however, has not [sic] worsened over the years."

In his July 28 letter Plaintiff seeks one of three accommodations. He has proposed either that counsel be appointed to represent him[2]; or that he have a "third party" (apparently a guardian of some sort) appointed to manage communications between himself, the Court, and the Defendant[3]; or that the case be adjourned for an undefined time to allow him to obtain counsel. By letter dated August 12, 2008, counsel for Defendant has opposed Plaintiff's requests.

The first proposal, for referral of this matter to the *pro bono* panel (see note 2), is not appropriate because, at this stage, I cannot conclude that Plaintiff's claims have merit. See Hodge, 802 F. 2d at 60 ("As a threshold matter . . . , the district court must consider the merits of the indigent's claim. Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (internal quotes and citation omitted)). Plaintiff has conceded that he has been declared fully disabled by the Social Security Administration, based on mental and psychiatric conditions. If this is true, then he was not

---

[2] It should be noted that in civil cases the Court cannot appoint counsel, as there are no funds available to pay for appointed counsel. The sole option available is for the Court to refer the case to its *pro bono* panel of attorneys who have indicated some interest in providing legal services for those who are unable to afford them. Counsel from the *pro bono* panel review the cases that are referred in that fashion, and may decide whether or not to volunteer to represent any particular party. The Court cannot force an attorney to undertake representation in a civil matter. Pursuant to the holding in Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), the Court considers, *inter alia*, the merits of a case to assess whether it is an appropriate case for referral to the scarce resource of *pro bono* counsel. As noted further below, this is not such a case.

[3] Pursuant to Federal Rule of Civil Procedure 17(c)(2) the Court must appoint a *guardian ad litem*, or issue another appropriate order, to protect an incompetent person who is not represented in an action. Despite the evidence of disability, I cannot conclude that there is evidence that Plaintiff is incompetent; in fact, his appearances before the Court establish his competence.

"qualified" for employment with Defendant, and therefore cannot succeed in this case, where Plaintiff asserts that he was denied employment in retaliation for his having filed a complaint of discrimination. Even if he was qualified for employment at the time of his application to Defendant and has since become disabled, any claim of damages would be cut short as of the date of onset of his disability, because as of that date he would no longer be capable of being employed. Under these circumstances I cannot conclude that Plaintiff is an appropriate candidate for referral to the *pro bono* panel.

Plaintiff's second alternative proposal, that a third party be appointed to "manage the communications between the court, Allstate Insurance Company and [Plaintiff]" (see letter dated July 28, 2008, at p. 1), does not identify any basis for such a third party appointment. Only an attorney would be qualified to represent Plaintiff, and no lay person could legally act on Plaintiff's behalf in the context of this litigation. As noted *supra* at note 3, even if counsel were prepared to represent Plaintiff and utilize the services of a *guardian*, Plaintiff does not qualify for appointment of a *guardian ad litem*, because he has not presented evidence of incompetence, and this Court has concluded that he is competent for these purposes. Even if appointment of a *guardian ad litem* were appropriate, there are no Court funds from which to pay such a person, it does not appear that Plaintiff has the resources to pay such a person, and Defendant has not offered to pay such a person for the purpose of moving the litigation forward. Thus, the second proposal is not acceptable.

This leads to consideration of Plaintiff's third proposal. This Plaintiff is before the Court

on three other cases.[4] The Court has previously permitted Plaintiff additional time in those cases to attempt to obtain counsel, and he has been unable to do so, even though the first of those cases has been pending since November, 2006. The instant case is not dissimilar to the other three cases, and there is no reason for the Court to believe that Plaintiff's efforts to obtain counsel to represent him in this case will be any more successful than the efforts he has made in his other pending cases. I therefore conclude that granting an adjournment for this purpose, no matter how brief, would serve no purpose. The application for a stay is therefore denied.

Plaintiff is hereby reminded that his response to the pending Order to Show Cause is due to be served and filed no later than August 21, 2008. Discovery shall go forward in this matter.

This constitutes the Decision and Order of this Court.

Dated: August 13, 2008
White Plains, New York

SO ORDERED

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[4] The three other pending cases are: Curtis v. State Farm, 06 Civ. 12903 (CS)(LMS); Curtis v. State Farm, 07 Civ. 3232 (CS)(LMS); and Curtis v. State Farm, 07 Civ. 8675 (CS)(LMS).

Page 4 of 4



USDC SDNY
DOCUMENT
... LY FILED